**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EVELYN HARRIS-CARMICKEL,

    Plaintiff,

      v.

AMAZON.COM SERVICES LLC,

    Defendant.

No. 25 CV 09643

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Evelyn Harris-Carmickel sued her former employer, defendant Amazon.com Services, for discrimination and retaliation under the Age Discrimination in Employment Act. Amazon moves to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the motion is granted in part and denied in part.

**I.      Legal Standards**

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" are insufficient. *Id.* At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in *Id.*

District courts should be cautious of dismissing a case on timeliness grounds because complaints "need not anticipate and overcome affirmative defenses, such as the statute of limitations." *LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562 (7th Cir. 2026) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). I may only dismiss on statute-of-limitations grounds "where it is clear from the face of the [] complaint that it is hopelessly time-barred." *Id.* (quoting *Cancer Found.*, 559 F.3d at 675).

## II.    Facts

Defendant Amazon.com Services hired plaintiff Evelyn Harris-Carmickel at one of their fulfillment centers when she was fifty-four years old. [1] ¶¶ 7–8.[1] After three years at this entry-level position, Harris-Carmickel applied for a "seasonal trainer" role. [1] ¶ 13. Despite having worked as a seasonal trainer and performing the duties of a trainer during the holidays that year, on January 10, 2023, the hiring manager rejected plaintiff's application because she did not have sufficient prior experience as a trainer or manager. [1] ¶ 13. By the time she was rejected for the role,

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, [1]. I also consider Harris-Carmickel's Equal Employment Opportunity Commission charge, attached to Amazon's motion to dismiss. [16-1]; *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("The face of the complaint refers not just to its four corners but includes … documents incorporated into the complaint by reference and public records of which the court may take judicial notice.").

Harris-Carmickel had completed all the training and requirements to qualify as a "trainer" and "ambassador." [1] ¶ 14.

When two higher-level positions (for "process assistant" and "trainer") were posted in June 2023, Harris-Carmickel applied for a promotion to both positions. [1] ¶ 15. The hiring manager for these positions (a different manager than the hiring manager who previously rejected Harris-Carmickel) did not consider her application and instead "recycled" plaintiff's application. [1] ¶ 16. Her application was held in a "pending" status without explanation. [1] ¶ 19. Harris-Carmickel was never told that her application had been recycled. [1] ¶ 16.

From July to October 2023, Harris-Carmickel repeatedly asked her direct manager about her promotion application. [1] ¶ 17. Her manager laughed and attempted to persuade her to forget about the promotion, encouraging her to be content with her current position. [1] ¶ 17. After seeing younger and less experienced employees get promoted, Harris-Carmickel complained to her manager that she believed that she was being discriminated against because of her age. [1] ¶ 18. She also noticed that these higher-level positions were staffed with mostly younger people, and that most of the older workers on her shift remained in lower-level positions. [1] ¶¶ 21–22.

Harris-Carmickel submitted online inquiries to the human resources department about her promotion. [1] ¶ 20. These inquiries were ignored. [1] ¶ 20.

On October 25, 2023, Amazon fired Harris-Carmickel for making a threatening statement to a private security contractor at the facility. [1] ¶ 24.[2] The Illinois Department of Employment Security later determined that she had not been discharged for misconduct. [1] ¶ 25. Harris-Carmickel says Amazon eliminated her consideration for promotion on December 8, 2023. [1] ¶ 26.

III.    Analysis

A.    Timeliness

Amazon says that any of Harris-Carmickel's claims before November 1, 2023—300 days before her Equal Employment Opportunity Commission charge was filed—are time-barred. Harris-Carmickel responds both that her charge was timely and that the deadline for asserting her claims should be equitably tolled.

Under the Age Discrimination in Employment Act, which protects workers over the age of forty from age-based employment discrimination, a worker alleging a claim for discrimination must file a charge with the EEOC within 300 days of the alleged unlawful practice. 29 U.S.C. §§ 623(a)(1), 626(d)(1)(B). The clock for the limitations period starts when the employer communicates the adverse employment decision to the employee. *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 456 (7th Cir. 2018). Failure to promote and termination are "discrete employment actions" "deemed to have been taken on the date they occurred, even if they form part of an

---

[2] In her Equal Employment Opportunity Commission charge, Harris-Carmickel says she was fired October 26, but her complaint says October 25. *Compare* [1] ¶ 24 *with* [16-1]. In her response brief, she continues to say she was terminated on October 25. *See* [22] at 2, 11. Because plaintiff alleges and continues to reference the October 25 date as the date of termination, I do as well.

4

ongoing practice or are connected with other acts." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 860 (7th Cir. 2005). Each discrete discriminatory act starts a new exhaustion clock. *Shiba v. Mullin*, 174 F.4th 1025, 1034 (7th Cir. 2026). "[A]cts that have not been challenged when the filing deadline expires 'are untimely filed and no longer actionable.'" *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).

Harris-Carmickel alleges two discrimination claims based on promotions she did not get and a retaliation claim based on her termination in October 2023. Each of these employment actions was a discrete act, with separate deadlines to exhaust administrative remedies. *Id.* For her first failure-to-promote claim, Harris-Carmickel found out that she did not get promoted to a seasonal trainer role on January 10, 2023, so she was required to file her EEOC charge by November 6, 2023. For her retaliation claim, Harris-Carmickel was fired on October 25, 2023. She had to file her retaliation charge with the EEOC by August 20, 2024.

For her second failure-to-promote claim, Harris-Carmickel says that Amazon made the decision not to promote her on December 8, 2023, after she was terminated, and that she didn't learn about that until November 2024, during the EEOC administrative investigation. But it would not be reasonable for Harris-Carmickel to assume she was still eligible for promotion after she was fired. Her termination was enough to give her notice that she was also rejected from the promotion. *See Palmer v. Ind. Univ.*, 31 F.4th 583, 589 (7th Cir. 2022) ("The rule in our circuit is that a plaintiff must file when he realizes that he may *possibly* have a claim." (emphasis in

original)). Her claim accrued on October 25, 2023, and, like her retaliation claim, had a deadline to file her EEOC charge of August 20, 2024.

Harris-Carmickel alternatively argues that the accrual date should be tolled until May 4, 2024, when she first spoke with counsel, because she previously had "only suspected that her termination was unfair because her race." [22] at 5. But the statute of limitations starts to run upon the "discovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful." *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1038 (7th Cir. 2021) (quoting *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (collecting cases)) (emphasis in original); *see also Palmer*, 31 F.4th at 589. Harris-Carmickel alleges that beginning in September 2023, she "suspected and believed that she was a victim of discrimination because of her age." [1] ¶ 18. She also alleges that she saw younger and less-experienced employees get promoted and noticed that the older workers on her shift remained employed at lower levels, while younger employees got promoted. [1] ¶¶ 18, 21–22. A reasonable person in Harris-Carmickel's position would have been aware of the possibility of discrimination based on age; in fact, she was aware of that possibility. Equitable tolling based on the date of her consultation with counsel does not apply.

Finally, Harris-Carmickel says that her EEOC charge was timely because the EEOC told her, when she submitted a pro se charge, that "based on the date that you provided, your Charge should be filed with our agency on or before September 23, 2024." [22] at 3. Equitable tolling "may be appropriate when an administrative

agency misleads a complainant, particularly one who is proceeding pro se." *Ballard v. Ameren Ill. Co.*, 173 F.4th 946, 952 (7th Cir. 2026) (internal quotation marks and citations omitted); *see also Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992) (tolling 300-day EEOC filing deadline because of erroneous representations made to complainant by EEOC officials). If I find that the EEOC misled Harris-Carmickel, I must then engage in an "equitable, often fact-intensive inquiry" to determine whether she filed the charge as early as she realistically could. *Ballard*, 173 F.4th at 953 (citations omitted). Amazon contends that any facts about the EEOC's email to Harris-Carmickel should be disregarded because it would improperly "amend the complaint." But plaintiffs need not anticipate affirmative defenses in the complaint, *LJM Partners*, 165 F.4th at 562, and I may not dismiss a complaint when there is "a conceivable set of facts, consistent with the complaint, that would defeat a statute of limitations defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Because Harris-Carmickel sets forth a set of facts that could defeat Amazon's limitations defense, I consider these facts in determining whether to dismiss her complaint on timeliness grounds.

After Harris-Carmickel submitted a pro se charge to the EEOC in May 2024, the EEOC responded that it had "received her 'urgent online inquiry'" and had assigned her a case number. [22] at 3. The EEOC responded that based on the date she provided in her online submission, she had until September 23, 2024, to file her charge. [22] at 3.

7

I look at each discrete act to determine whether the limitations period should be tolled. *See Shiba*, 174 F.4th at 1034. Harris-Carmickel was required to file an EEOC charge for her first failure to promote claim by November 6, 2023—six months before her "urgent online inquiry." Because the time to file a charge had already expired by the time Harris submitted an inquiry to the EEOC, the agency could not have misled Harris-Carmickel about the deadline for that charge. *Id.* Any claim for discrimination based on the failure to promote on January 10, 2023, is dismissed with prejudice as untimely.[3]

But Harris-Carmickel was still within the 300-day period to file her October 25 failure to promote and retaliation claims when the EEOC allegedly told her that her deadline to file was September 23, 2024. And she ended up filing only a week after the actual 300-day limitation period ended, and so it is possible that her delay was reasonable. *Id.* (plaintiff's argument about misrepresentations "seems possible on the limited record before" the court). There is a conceivable set of facts that could defeat a statute of limitations defense for Harris-Carmickel's second failure-to-promote and retaliation claims. It is not clear from the face of the complaint that Harris-Carmickel's claims are "hopelessly time-barred," and so these claims can proceed. *LJM Partners*, 165 F.4th at 562.

---

[3] *LJM Partners*, 165 F.4th at 561, 570–71 (affirming dismissal with prejudice of claims barred by the statute of limitations because amendment would be futile).

### B.     Exhaustion

Amazon also argues that Harris-Carmickel failed to exhaust her "December 2023" failure to promote claim and any pattern or practice of discrimination claim.

A plaintiff must first exhaust their administrative remedies before bringing their discrimination claims in federal court. *Hambrick v. Kijakazi*, 79 F.4th 835, 841 (7th Cir. 2023). A plaintiff cannot bring claims not in the original EEOC charge or claims that are not "like or reasonably related to" what was in the charge. *Id.* To be "like or reasonably related to" a charge, the "relevant claim and the administrative charge must, at minimum, describe the same conduct and implicate the same individuals." *Id.* The standard is met "if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022) (internal citations omitted).

Harris-Carmickel's EEOC charge describes three actions: the denial of a promotion to a seasonal training position, the denial of a promotion to a process assistant or trainer position, and her termination.

Amazon says that any discrimination or retaliation claims based on the failure to promote on December 8, 2023, were not exhausted. But that claim is the same as the failure-to-promote claim that accrued on October 25. The EEOC charge says that she was not promoted to process assistant or trainer. This matches the allegations in Harris-Carmickel's complaint. If her claims are equitably tolled, Harris-Carmickel

9

has exhausted her administrative remedies for the failure to promote her to trainer or process assistant.

Amazon also contends that any standalone claim of a pattern or practice of discrimination has not been exhausted. Harris-Carmickel does not respond to this argument. Pattern-or-practice claims require "showing that an employer regularly and purposefully discriminates against a protected group." *Mitchell v. Exxon Mobil Corp.*, 143 F.4th 800, 813–14 (7th Cir. 2025) (quoting *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012)). These claims are "manifest[ly] differen[t]" from individual claims of discrimination. *King v. Gen. Elec. Co.*, 960 F.2d 617, 622–23 (7th Cir. 1992). This is because "[p]roving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination; rather it must be established by a preponderance of the evidence that [] discrimination was the company's standard operating procedure—the regular rather than the unusual practice." *Cooper v. Fed. Rsrv. Bank of Richmond,* 467 U.S. 867, 875–76 (1984) (internal quotation marks omitted). Because of this, courts routinely hold that charges for individual discrimination do not properly exhaust pattern-or-practice claims for later litigation. *See Askew v. Waukegan Pub. Sch. Dist. 60*, 767 F.Supp.2d 923, 929–30 (N.D. Ill. 2011) (collecting cases).

In her EEOC charge, Harris-Carmickel did not complain of a policy of discrimination, identify anyone other than herself who suffered discrimination, or reference any actions other than the discrete employment actions against herself. And even Harris-Carmickel's own allegations of discrimination describe two different

events with two separate hiring managers, so those events do not meet the minimum requirement that the conduct and individuals involved be the same. *Hambrick*, 79 F.4th at 841. Harris-Carmickel has not exhausted a standalone pattern-or-practice discrimination claim, so to the extent she alleges one, it is dismissed.[4]

## IV. Conclusion

Defendant's motion to dismiss, [15], is granted in part and denied in part. Harris-Carmickel's discrimination claims based on the failure-to-promote on January 10, 2023, are dismissed with prejudice as untimely. Her claims for a pattern or practice of discrimination are dismissed without prejudice because they were not administratively exhausted.[5] Her claims for discrimination based on the failure to promote that accrued on October 25, 2023, and her retaliation claims may proceed.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 9, 2026

---

[4] Because Harris-Carmickel may use pattern-or-practice evidence to demonstrate pretext to support her individual claims, I do not strike these allegations from the complaint. *See Bell v. E.P.A*, 232 F.3d 546, 553 (7th Cir. 2000) ("[E]vidence of systemic disparate treatment is relevant to and probative of the issue of pretext."); *Benjamin v. Katten Muchin & Zavis*, 10 Fed. Appx. 346, 352 (7th Cir. 2001) ("Individual plaintiffs do sometimes use pattern-or-practice evidence to bolster their own disparate treatment claims as evidence of pretext.").

[5] "When a plaintiff fails to exhaust administrative remedies, her complaint must be dismissed without prejudice." *McHale*, 41 F.4th at 872.